By the Court—Pierrepont, J.
The legislature abolished all forms of pleading in use at the time the Code was passed; and provided that a defendant might state in his answer any matter constituting a defense, “ in ordinary and concise language.” If the second defense set up in this case was good in law, and so pleaded as to answer the requirements of the statute, it was error to exclude the defendant from giving any evidence under that pleading.
If the broker, who negotiated these contracts, persuaded the defendant to employ him as his agent in the matter, and while professing to act as the defendant’s confidential broker and agent, and only for the defendant’s interest, was “ the secret and fraudulent agent of the plaintiff to induce the defendant to make such contracts," and while pretending to act for the defendant, and to guard the defendant’s interest, he was in the employ and secret service of the plaintiff and using his information, ability and influence to entice the defendant into these contracts to the prejudice of the defendant and the advantage of1 the plaintiff,” while “the defendant was ignorant of such fraud and treachery, and confiding in the broker, as the defendant’s true and faithful agent, he entered into the contracts ” which the said broker well knew would be of great loss to the defendant and of great gain to the plaintiff, and if the broker being in the secret service of the plaintiff and deceiving the defendant, craftily combined together with the plaintiff to procure from the defendant those contracts, which he knew would be injurious to the defendant, for whom he was professing to act as a confidential and faithful agent, and which he knew would be beneficial to the plaintiff, in yhose secret service he was employed, and with whom he had craftily combined to procure these contracts, then, these contracts are void in law, and the plaintiff cannot recover npon them.
All this is substantially pleaded in the second defense, and in such language as, we think, answers the requirements of the Code.
*14 The plaintiff could not have been misled or taken by surprise on the trial, and no such suggestion was made. A demurrer had been interposed to the third and fourth, defenses, which had been argued both at Special and General Terms, and the demurrer to the third defense was overruled, but no demurrer or motion whatever had been .made touching the second defense. It was urged that there was no evidence that the plaintiff had authorized the broker to make the representations alleged. There was the clearest proof, given by the plaintiff himself, that the broker Nathan was his agent in the negotiation and completion of those contracts; and we think the law well settled that no . one can avail himself of the advantages of a contract which his agent has fraudulently obtained, and, on suit brought, deprive his adversary of the right to prove the fraud, on the ground that the principal did not authorize his agent to commit it. If these contracts were obtained by fraud they are void, and the plaintiff can no more, in such case, avail himself of his agent’s fraud than of his own. We do not wish to intimate that there was any fraud in the procurement of these contracts; we merely wish to say that, under the pleadings, the defendant had the right to offer evidence of fraud; and that, if the proofs showed that the plaintiff’s agent procured these contracts from the defendant by fraud, that such fraud would vitiate the contracts.
Another exception, taken by the defendant, arises under the following question:
“ Q. At the time of making the writings between you and Cassard, was anything said by Nathan as to the performance by receipt and delivery of pork, or the settlement by payment and receipt of differences ? and if so, what ?”
(This question was objected to by the plaintiff’s counsel, on the grounds, 1st. That it was relevant only to the third defense; 2d. And, as to that, it was offering parol evidence against the writings; and, Sd. There was no proof to show any authority in Nathan, except to negotiate as a broker between the parties, as to the contracts actually made, and in evidence. The Court sustained the objection, and excluded the question; to which decision the defendant’s counsel objected.)
We think it plain that this inquiry was relevant to the third defense; and, as to that defense, this Court have, at a General *15 Term, held by five Judges, fully expressed their opinion, as follows : (Then follows the opinion which has since been reported in 1 Bosw., 207.)
As the proof was clear that Nathan was the plaintiff’s agent, we think what he said at the time of making the written contracts may be received as evidence going to show whether or not these were gambling contracts and void by the statute. There are many contracts, good on their face, which may be rendered void or voidable by parol evidence; such as a bond or note which is usurious, or given for a gaming debt, or for any illegal consideration, or by an infant, &c.
We think the judgment should be reversed, and a new trial granted, with costs to abide the event
Ordered accordingly.